UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | § | |
|---|---|---|
| | § | |
| Hon. David C. Guaderrama | § | All Civil Cases with a Trial Setting as of |
| | § | March 30, 2022 |
| | § | |
| | § | |

**GENERAL ORDER FOR ALL CIVIL CASES**

This Order addresses requirements for the designation of non-retained experts. The Court hereby puts the parties on notice that full compliance with the requirements under Federal Rule of Civil Procedure 26(a)(2) is mandatory and will be enforced.

Under Rule 26(a)(2), a party must make three disclosures for non-retained experts: (1) the expert's identity; (2) "the subject matter on which the witness is expected to present evidence"; and (3) "a summary of the facts and opinions to which the witness is expected to testify." Fed. R. Civ. P. 26(a)(2)(A) & 26(a)(2)(C). With respect to the third disclosure requirement, it is wholly insufficient to simply state the topic the non-retained expert will testify about.[1]

**IT IS ORDERED** that the parties **SHALL COMPLY** with the disclosure requirements for non-retained experts under Federal Rule of Civil Procedure 26(a)(2).

**IT IS FURTHER ORDERED** that if a party has already designated a non-retained expert, that party has **ten (10) days** to supplement related disclosures, if needed, to ensure compliance with Federal Rule of Civil Procedure 26(a)(2).

**So ORDERED and SIGNED this 30th day of March 2022.**

_____
DAVID C. GUADERRAMA
UNITED STATES DISTRICT JUDGE

---

[1] That would be duplicative of Rule 26(a)(2)(C)(i), which requires disclosing the "subject matter" the expert is expected to testify about.