UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| **MARIA RAMIREZ and PEDRO RAMIREZ,** *as Representatives of the Estate and Statutory Death Beneficiaries of* **DANIEL ANTONIO RAMIREZ**, | § § § § § | |
| *Plaintiffs*, | § | EP-17-CV-00193-DCG |
| v. | § § | |
| **RUBEN ESCAJEDA, JR. and CITY OF EL PASO, TEXAS,** | § § § | |
| *Defendants*. | § § | |

## OPINION AND ORDER

Before the Court is Defendant Ruben Escajeda's "Partially Opposed Motion to Stay Pending Appeal" (ECF No. 165). The Court's summary judgment decision denying Defendant Escajeda's claim to qualified immunity is currently on appeal before the United States Court of Appeals for the Fifth Circuit. ECF Nos. 154 and 157; *Ramirez v. Escajeda*, No. 21-50858 (5th Cir. 2021). Defendant Escajeda moves for a stay of the entire case under Rule 8(a) of the Federal Rules of Appellate Procedure. Mot. at 3. The appeal has been fully briefed and is scheduled for oral argument on June 8, 2022. The case is also set for trial on August 1, 2022. ECF No. 152.

Defendant Escajeda's motion raises jurisdictional issues. Defendant Escajeda argues that this Court should stay the entire case because it lacks jurisdiction while the Fifth Circuit reviews this Court's decision denying Defendant Escajeda qualified immunity. Mot. at 2–3. Because the district court lacks jurisdiction, Defendant Escajeda argues, he should be free from the burdens of preparing for trial, including any preparation related to Plaintiffs' *Monell* claim against the City of El Paso. *Id.* The City supports Defendant Escajeda's position. El Paso Resp. at 3.

Plaintiffs' claim against Defendant Escajeda is legally distinct from Plaintiffs' claim against the City. Plaintiffs agree that this Court currently lacks jurisdiction over their claim against Defendant Escajeda, and they do not oppose a stay as to that claim. Pl. Resp. at 3. Rather, Plaintiffs contend this Court retains jurisdiction over their *Monell* claim against the City and that the *Monell* claim should proceed to trial as scheduled. *See generally* Pl. Resp.

It's well settled that Defendant Escajeda should be free from the burdens of litigation during his qualified immunity appeal. *Mitchell v. Forsyth*, 472 U.S. 511, 525–26 (1985); *Ramirez v. Guadarrama*, 3 F.4th 129, 133 (5th Cir. 2021) (per curiam). But that right applies only to claims subject to appeal. *Alice L. v. Dusek*, 492 F.3d 563, 564–65 (5th Cir. 2007) (per curiam). That's for jurisdictional reasons: "The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982).

Raising a qualified immunity defense, however, does not allow a defendant-officer to halt all related litigation. "Qualified immunity is 'a right to immunity *from certain claims*, not from litigation in general.'" *Harris v. City of Balch Springs*, 33 F. Supp. 3d 730, 732 (N.D. Tex. 2014) (quoting *Behrens v. Pelletier*, 516 U.S. 299, 312 (1996)).

Consequently, there is no right to a global stay of litigation during a qualified immunity appeal. When a claim not on appeal is legally distinct from one that is, the claim not on appeal can proceed before the district court. *Alice L.*, 492 F.3d at 565. That's true even if "the factual basis of [the claims] overlap." *Id*. Indeed, a defendant-officer appealing an unfavorable qualified immunity decision may be central to a number of claims in a particular case, including a *Monell* claim asserted against a municipality. *See Harris*, 33 F. Supp. 3d at 733 ("[E]ven if the

Fifth Circuit were to grant [the officer] qualified immunity . . . he would necessarily be required to testify on behalf of the City.").

The question is: When can *Monell* litigation continue when there is a live appeal of the district court's unfavorable qualified immunity decision? The answer depends on where jurisdiction lies.

The Fifth Circuit has been clear about its jurisdiction over an appeal of an order denying qualified immunity; it covers only legal questions, not questions of fact. *Cantrell v. City of Murphy*, 666 F.3d 911, 921 (5th Cir. 2012) (inquiry on appeal "concerns the purely legal question whether a given course of conduct would be objectively unreasonable in light of clearly established law," and not over "disputed issues of fact"). While the Fifth Circuit reviews a denial of summary judgment on qualified immunity grounds, the district court is divested of jurisdiction, *Alice L.*, 492 F.3d at 564–65, over the question of whether the defendant-officer's conduct was, "as a matter of law," "objectively unreasonable in light of clearly established law," *Cantrell*, 666 F.3d at 921; *Kinney v. Weaver*, 367 F.3d 337, 346–47 (5th Cir. 2004) (en banc); *see also Elizondo v. Green*, 671 F.3d 506, 509 (5th Cir. 2012) ("An order *denying* qualified immunity in a § 1983 action is immediately appealable . . . to the extent that it turns on a question of law rather than a factual dispute."). But as to the question about whether the defendant-officer "did, in fact, engage in [] conduct" that may or may not have violated a plaintiff's constitutional right, that remains before the district court. *See Cantrell*, 666 F.3d at 921–22.

While a district court cannot proceed on that question with respect to a plaintiff's claim against a defendant-officer during the pendency of the officer's appeal, *e.g.*, *Forsyth*, 472 U.S. at 526, a district court may proceed with respect to that question as it applies to a plaintiff's *Monell*

claim, *see, e.g.*, *Gutierrez v. City of San Antonio*, 139 F.3d 441, 445 (5th Cir. 1998) (recognizing that qualified immunity can be granted "even if the conduct infringed upon a constitutional right of the plaintiff"). Those claims are legally distinct. Furthermore, whether the constitutional right in question was clearly established at the time of the alleged violation—the question on appeal—is separate from the question of whether a defendant-officer did, in fact, violate a plaintiff's constitutional right. *See, e.g.*, *Ashcroft v. al-Kidd*, 563 U.S. 731, 743 (2011) (granting qualified immunity "even assuming" a Fourth Amendment violation); *Forsyth*, 472 U.S. at 528; *Ramirez*, 3 F.4th at 133; *see also Snyder v. Trepagnier*, 142 F.3d 791, 800–01 (5th Cir. 1998) (discussing *Melear v. Spears*, 862 F.2d 1177, 1187–88 (5th Cir. 1989) (Higginbotham, J., concurring)). Under a *Monell* claim, only the second question is asked. That is, what matters in a *Monell* analysis is whether there was a violation of a constitutional right, not whether that right was clearly established at the time. *See, e.g.*, *Ratliff v. Aransas Cnty., Tex.*, 948 F.3d 281, 285 (5th Cir. 2020).

The Court recognizes, however, that, at times, the Fifth Circuit analyzes denials of qualified immunity by first addressing the question of "whether the plaintiff has asserted a violation of a constitutional right at all." *Compare Kinney*, 367 F.3d at 350 (quoting *Siegert v. Gilley*, 500 U.S. 226, 232 (1991)) (addressing threshold) *with Wagner v. Bay City, Tex.*, 227 F.3d 316, 320–24 (5th Cir. 2000) (addressing whether there was clearly-established law). *But see Colston v. Barnhart*, 146 F.3d 282, 292 (5th Cir. 1998) (DeMoss, J., dissenting) (explaining that "the question of whether a police officer used excessive force" is a factual determination to be made "on the basis of [] evidence and testimony"). Whether addressing that question or not, the Fifth Circuit does not make factual determinations or assess the genuineness of factual disputes. *Cole v. Carson*, 935 F.3d 444, 452 (5th Cir. 2019). Rather, the court views "the summary

judgment evidence in the light most favorable to the plaintiff." *Freeman v. Gore*, 483 F.3d 404, 410 (5th Cir. 2007).  Still, the Fifth Circuit, even on an appeal denying summary judgment, might determine that the factual record does not support finding a constitutional violation.  *See, e.g.*, *Ramirez*, 3 F.4th at 135–37.  It's based on this possibility (in addition the burdens of litigation) that Defendant Escajeda and the City argue that this Court lacks jurisdiction over the *Monell* claim while Defendant Escajeda appeals denial of qualified immunity.  El Paso Resp. at 3–4; Escajeda Reply at 3.

None of the discussion above, however, takes away from the fact that an excessive force claim is legally distinct from a *Monell* claim, which are the two claims Plaintiffs bring in this case.  That factual issues may overlap does not divest this Court of jurisdiction over the claim that is not subject to Defendant Escajeda's appeal.  *Alice L.*, 492 F.3d at 565.  Given that the scope of issues on appeal are interpreted narrowly, *Weingarten Realty Invs. v. Miller*, 661 F.3d 904, 908 (5th Cir. 2011), the Court is of the opinion that it retains jurisdiction over Plaintiffs' *Monell* claim during the pendency of Defendant Escajeda's appeal.[1]

That is especially true here because, on appeal, Defendant Escajeda does not raise the threshold question of whether his conduct violated Daniel Antonio Ramirez's constitutional right.  *See generally Ramirez*, No. 21-50858, Appellant Br.  Instead, Defendant Escajeda raises the question of whether his conduct violated clearly established law.  *Id*.  If he raises the issue of whether his conduct violated Mr. Ramirez's constitutional right, it's only by challenging factual determinations, *see generally id.*, which the Fifth Circuit does not have jurisdiction over, *e.g.*,

---

[1] Though distinct contexts, it's worth noting that discovery related to a *Monell* claim is not halted simply because a defendant-officer has appealed an unfavorable ruling on qualified immunity. *E.g.*, *Martin v. Dallas Cnty., Tex.*, 822 F.2d 553, 555–56 (5th Cir. 1987) ("The protection of government officials who are entitled to immunity does not *ipso facto* disable a plaintiff from conducting discovery against all non-immune defendants in his case."); *Williams v. Connick*, No. 12-1274, 2014 WL 172520, at *14 (E.D. La. Jan. 15, 2014).

*Cantrell*, 666 F.3d at 921.  Because Plaintiffs' *Monell* claim is distinct from the claim on appeal, litigation could continue on the *Monell* claim without interfering with Defendant Escajeda's entitlement to be free of burdens of litigation.  *See Behrens*, 516 U.S. at 312; *Alice L.*, 492 F.3d at 565; *Harris*, 33 F. Supp. 3d at 732–33.

Even so, the Court is leery about allowing Plaintiffs' *Monell* claims to proceed separately from their excessive force claim against Defendant Escajeda.  First, it will be more efficient to try the claims together.  Second, as discussed, Defendant Escajeda, on appeal, focuses most of his argument on an underlying factual question as opposed to the legal question of whether the law was clearly established at the time of the incident complained of.  *Compare Ramirez*, No. 21-50858, Appellant Br. at 10–19 (factual argument) *with id*. at 19–25 (legal argument).  If the Fifth Circuit were to answer the factual question Defendant Escajeda presents, that would likely answer the question of whether a constitutional violation occurred, which would affect the viability of Plaintiffs' *Monell* claim.

On the other hand, this Court is concerned about the incentives such a decision could give to defendant-officers on appeal.  The concern is that they'll raise factual questions on appeal in order to halt legally distinct *Monell* claims from proceeding before the district court.  The effect of that would be that municipalities would gain some of the benefits of qualified immunity, which is a privilege they do not possess.  *See Pearson v. Callahan*, 555 U.S. 223, 231–32 (2009); *Bailey v. Mansfield Indep. Sch. Dist.*, 425 F. Supp. 3d 696, 725 n.9 (N.D. Tex. 2019) ("[A] municipality . . . does not have qualified immunity from suit.").  This is particularly problematic in this case, considering it is nearly 5 years old.  That said, this Court thinks the cautionary approach is best taken in this instance because Defendant Escajeda centers his arguments on appeal around a question that could impact the viability of Plaintiffs' *Monell* claim.

Accordingly, **IT IS ORDERED** that Defendant Escajeda's "Motion to Stay Pending Appeal" (ECF No. 165) is **GRANTED**.  This case is **STAYED** pending the outcome of Defendant Escajeda's appeal.

**IT IS FURTHER ORDERED** that the stay will **AUTOMATICALLY LIFT** on the day the Fifth Circuit releases its opinion in *Ramirez v. Escajeda*, No. 21-50858 (5th Cir. 2021).

**IT IS FURTHER ORDERED** that this case is **RESET** for **TRIAL** on the first Monday after 45 days after the Fifth Circuit releases its opinion.

**So ORDERED and SIGNED this 31st day of May 2022.**

_____
**DAVID C. GUADERRAMA
UNITED STATES DISTRICT JUDGE**