UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| **MARIA RAMIREZ and PEDRO RAMIREZ,** *as Representatives of the Estate and Statutory Death Beneficiaries of* **DANIEL ANTONIO RAMIREZ**, | § § § § § § | |
| *Plaintiffs,* | § | EP-17-CV-00193-DCG |
| v. | § § | |
| **CITY OF EL PASO, TEXAS,** | § § | |
| *Defendant.* | § § § | |

## MEMORANDUM ORDER

Defendant City of El Paso, Texas moves to dismiss Plaintiffs Maria Ramirez and Pedro Ramirez's *Monell* claim for lack of subject matter jurisdiction. Mot., ECF No. 185; Reply, ECF No. 189; Resp. Sur-Reply, ECF No. 194. Plaintiffs oppose the City's Motion. Resp., ECF No. 188; Sur-Reply, ECF No. 191. Because the City's Motion does not implicate jurisdictional issues, the Court **DENIES** the City's Motion.

### I. BACKGROUND

**A. Factual Background[1]**

On June 23, 2015, El Paso Police Department Officer Ruben Escajeda, Jr. responded to a dispatch call regarding a suicide in progress. Compl., ECF No. 1 ¶ 40; Proposed Undisputed Facts Summ. J., ECF Nos. 90-1, 115, 121 (hereinafter "PUF").[2] Escajeda arrived at Plaintiffs' home alone and proceeded to the backyard. PUF ¶ 72. Because it was dark outside, Escajeda

---

[1] These facts come from both the pleadings and the parties' proposed undisputed facts that they filed for summary judgment. The Court assumes facts from the pleadings to be true.

[2] Though the parties provided their proposed undisputed facts in three separate filings, they kept the same paragraph numbering, so the Court will cite the Proposed Undisputed Facts as though they are in one document.

had his flashlight out, and while shining it around he discovered Daniel Antonio Ramirez with a rope around his neck that was connected to a basketball hoop. *Id.* ¶ 74. Escajeda instructed Ramirez to show his hands, which he did not do. *Id.* ¶ 78. Escajeda then drew his taser and tased Ramirez, which caused Ramirez to go limp with the rope still around his neck. *See* Compl. ¶¶ 14–16. Escajeda removed the rope and attempted to resuscitate Ramirez. *Id.* ¶ 16. Though taken to the hospital, Ramirez died later that evening. *Id.* ¶ 18; PUF ¶¶ 83–84.

## B.  Procedural Background

On June 22, 2017, Plaintiffs filed their Complaint against Escajeda and the City. Compl. Invoking 42 U.S.C. § 1983, Plaintiffs claimed that Escajeda used excessive force against Ramirez in violation of his rights under the Fourth and Fourteenth Amendments of the United States Constitution. Compl. ¶ 78. Plaintiffs also brought a *Monell* claim against the City, alleging that the City's policies, practices, and customs caused (were the moving force behind) Ramirez's death.[3] *Id.* ¶¶ 80–82. Plaintiffs invoke many theories of *Monell* liability, including that the City's use-of-force policy is facially unconstitutional; that the City failed to properly train, supervise, and discipline officers; and that the City had a policy or custom of officers using excessive force against persons with mental health problems. *Id.*

---

[3] In *Monell v. Department of Social Services*, the Supreme Court held that a municipality can be held liable under section 1983 for acts that violate a person's constitutional or statutory rights. 436 U.S. 658, 690–91 (1978). "To establish municipal liability under § 1983, a plaintiff must show the deprivation of a federally protected right caused by action taken 'pursuant to an official municipal policy.'" *Valle v. City of Houston*, 613 F.3d 536, 541 (5th Cir. 2010) (quoting *Monell*, 436 U.S. at 691). To meet his burden, a plaintiff "must identify '(1) an official policy (or custom), of which (2) a policymaker can be charged with actual or constructive knowledge, and (3) a constitutional violation whose moving force is that policy or custom.'" *Id.* at 541–42 (quoting *Pineda v. City of Houston*, 291 F.3d 325, 328 (5th Cir. 2002)).

Escajeda and the City moved to dismiss Plaintiffs' Complaint under Federal Rule of Civil Procedure 12(b)(6).  City Mot. Dismiss, ECF No. 8; Escajeda Mot. Dismiss, ECF No. 14.  This Court denied both motions.  Order, ECF No. 29.

Later, Escajeda and the City jointly moved for summary judgment, Mot. Summ. J., ECF No. 90, which this Court denied, Mem. Op., ECF No. 154.  Escajeda appealed, arguing that he was entitled to qualified immunity.[4]  *Ramirez v. Escajeda*, No. 21-50858, Appellant Br. at 10–25.  The Fifth Circuit agreed and granted Escajeda qualified immunity.  *Ramirez v. Escajeda*, 44 F.4th 287, 292–94 (5th Cir. 2022).  The City now moves under Federal Rule of Civil Procedure 12(b)(1) to dismiss Plaintiffs' case against the City for lack of subject matter jurisdiction.  *See generally* Mot.

## II.   DISCUSSION

Rule 12(b)(1) allows a party to move for dismissal for "lack of subject-matter jurisdiction."  FED. R. CIV. P. 12(b)(1).  Subject matter jurisdiction is "the courts' statutory or constitutional *power* to adjudicate the case."  *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89 (1998).  Without power to hear the case, any ruling on the merits would amount to an impermissible advisory opinion and, more fundamentally, a contravention of our constitutional separation of powers.  *See United States v. Tex. Tech Univ.*, 171 F.3d 279, 286 (5th Cir. 1999); *Steel Co.*, 523 U.S. at 94 ("Jurisdiction is power to declare the law, and when it ceases to exist,

---

[4] Qualified immunity shields "government officials performing discretionary functions . . . from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known."  *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982).  "[Q]ualified immunity is an *immunity from suit*, not merely a defense to liability."  *Ramirez v. Guadarrama*, 3 F.4th 129, 133 (5th Cir. 2021).  That is, it protects defendants from the costs and other burdens of defending a lawsuit.  *See id.*  To overcome a qualified immunity defense, a plaintiff must (1) "allege[] or show[] the violation of a federal constitutional or statutory right" and (2) allege or show that "the right in question was clearly established at the time of the alleged violation."  *Id.* (footnote omitted).

the only function remaining to the court is that of announcing the fact and dismissing the cause." (quoting *Ex parte McCardle*, 7 Wall. 506, 514 (1868)). Thus, if a court lacks subject matter jurisdiction, it must dismiss the case. *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998).

A party can bring a "facial" challenge or "factual" challenge to a court's jurisdiction. *Turner Indus. Grp., LLC v. Int'l Union of Operating Eng'rs, Local 450*, 8 F. Supp. 3d 875, 883 (S.D. Tex. 2014). A facial challenge requires a court to assess whether "the allegations in the complaint are []sufficient to invoke federal jurisdiction." *Id.* A factual challenge requires a court to assess whether the facts "support[] subject matter jurisdiction." *Id.* The difference between a facial and factual challenge is that under a factual challenge "the court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case," *Arena v. Graybar Elec. Co.*, 669 F.3d 214, 223 (5th Cir. 2012) (quotation omitted), whereas under a facial challenge the court is limited to allegations in the complaint, *Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. 1981).

Bringing a factual challenge, the City argues that this Court should dismiss Plaintiffs' *Monell* claim for lack of subject matter jurisdiction. *See generally* Mot. The City relies on the Fifth Circuit's decision granting Escajeda qualified immunity. Mot. at 7–10. The Fifth Circuit granted Escajeda qualified immunity on the ground that Escajeda's use of force did not violate any clearly established constitutional right.[5] *Ramirez*, 44 F.4th at 292–94. According to the City, if Escajeda's actions did not violate a clearly established constitutional right, then

---

[5] The Fifth Circuit did not address whether Escajeda violated Ramirez's constitutional rights, even if those rights were not clearly established at the time of the alleged conduct. *See generally Ramirez*, 44 F.4th at 291–94. In fact, the Fifth Circuit explicitly left that question open: "Perhaps [Escajeda's] fear that he might be walking into an 'ambush' was unfounded; in that event, the tasing could be excessive under prong one of the [qualified immunity] analysis." *Id.* at 294.

Plaintiffs' *Monell* claim necessarily fails because the City couldn't have been on notice that its practices, policies, or customs might violate a person's constitutional rights.  *See* Mot. at 7–10.  To the City, this means the facts no longer support this Court's subject matter jurisdiction over this case.  *See generally* Mot.  Plaintiffs respond that the Fifth Circuit's decision does not effect this Court's jurisdiction to hear their *Monell* claim, and that the City is "rehashing" its summary judgment arguments.  Resp. at 3–4, 9.  The Court agrees with Plaintiffs.

*Monell* is not jurisdictional.  It is, instead, a recognition of a cause of action under section 1983 or a "mere defense to liability."[6]  *See Monell*, 436 U.S. at 690–91; *Swint v. Chambers Cnty. Comm'n*, 514 U.S. 35, 43 (1995); *Puente Ariz. v. Arpaio*, 821 F.3d 1098, 1110 (9th Cir. 2016) ("Unlike jurisdictional issues and certain immunities from suit, *Monell* is just a defense to liability."); *Novoselsky v. Brown*, 822 F.3d 342, 357 (7th Cir. 2016) (similar).  This, of course, would be a different story if a *Monell* claim against a municipality implicated sovereign immunity—a jurisdictional issue—but it does not.  *Bogan v. Scott-Harris*, 523 U.S. 44, 53 (1998) ("Municipalities themselves can be held liable for constitutional violations, whereas States and the Federal Government are often protected by sovereign immunity.").  Nor does a municipality's defense under *Monell* import the protections afforded by qualified immunity,[7] *Williams v. City of Yazoo*, 41 F.4th 416, 421 (5th Cir. 2022), which is itself not a jurisdictional

---

[6] The Court has jurisdiction to hear a case arising under section 1983 by Congress's grant of jurisdiction in 28 U.S.C. § 1343(a)(3).  Section 1343(a)(3) gives district courts original jurisdiction over an action "[t]o redress the deprivation . . . of any right . . . secured by the Constitution of the United States or by any Act of Congress providing for equal rights of citizens or of all persons within the jurisdiction of the United States."

[7] "Municipalities do not enjoy qualified immunity." *Williams v. City of Yazoo*, 41 F.4th 416, 421 (5th Cir. 2022); *see also Owen v. City of Independence*, 445 U.S. 622, 657 (1980) ("[M]unicipalities have no immunity from damages liability flowing from their constitutional violations."); *Burge v. Parish of St. Tammany*, 187 F.3d 452, 466 (5th Cir. 1999) ("Unlike government officials sued in their individual capacities, municipal entities and local governing bodies do not enjoy immunity from suit, either absolute or qualified, under § 1983."); *Spikes v. Phelps*, 131 F. App'x 47, 48 (5th Cir. 2005) (unpublished) ("[L]ocal government entities enjoy no immunity [from suit].").

issue in any event,[8] *Geraci v. City of Austin*, 1:19-CV-00340-SH, 2020 WL 1644004, at *2 (W.D. Tex. Apr. 2, 2020) ("The Court's subject-matter jurisdiction . . . is not affected by the affirmative defenses of absolute or qualified immunity; rather, those defenses implicate whether Plaintiff states a claim on which relief can be granted pursuant to [Federal Rule of Civil Procedure] 12(b)(6).").

Whether the City was on notice that its practices, policies, or customs might violate a person's constitutional rights goes to the merits of Plaintiffs' *Monell* claim, not the Court's jurisdiction to hear them. *See Swint*, 514 U.S. at 41–43 (holding a municipality can't appeal a court's denial of summary judgment on a plaintiff's *Monell* claim because the order is not "final" within the meaning of 28 U.S.C. § 1291 and such an order does not qualify for appeal under the collateral order doctrine). At this stage in the litigation, merits issues are properly dealt with at trial. *See id.* at 43 ("An erroneous ruling on liability may be reviewed effectively on appeal from final judgment.").

### III.   CONCLUSION

Jurisdiction implicates a court's power to hear a case, and nothing about the Fifth Circuit's ruling on Escajeda's qualified immunity defense divests this Court of power to adjudicate Plaintiffs' *Monell* claim against the City. *See* 28 U.S.C. § 1343(a)(3). The Court thus **DENIES** Defendant City of El Paso, Texas's "Rule 12(b)(1) Motion to Dismiss Plaintiffs' Original Complaint" (ECF No. 185).[9]

---

[8] *See also Vander Zee v. Reno*, 73 F.3d 1365, 1368–69 (5th Cir. 1996) (reviewing district court's dismissal under Rules 12(b)(1) and 12(b)(6) and affirming grant of qualified immunity and consequent dismissal *under Rule 12(b)(6)*).

[9] The City asks this Court for permission to appeal this Memorandum Order under 28 U.S.C. § 1292(b). Resp. Sur-Reply at 4–5. A district court may allow a party to appeal an interlocutory order that is immediately unappealable if the court is "of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate

**So ORDERED and SIGNED this 31st day of October 2022.**

_____
**DAVID C. GUADERRAMA
UNITED STATES DISTRICT JUDGE**

---

appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b).  "District courts have unfettered discretion to deny certification" under section 1292(b). *E.g.*, *Holcombe v. United States*, No. SA-18-CV-555-XR, 2019 WL 13080126, at *2 (W.D. Tex. Sept. 10, 2019) (cleaned up).  The Court concludes that there is *not* a substantial ground for difference of opinion because it's clear that *Monell* does not implicate jurisdictional issues.  *See id.* at *2–3 (describing circumstances that constitute substantial ground for difference of opinion, including a ruling that "appears contrary to the rulings of all Courts of Appeals which have reached the issue," if there is a circuit split, or "if novel and difficult questions of first impression are presented" (quoting *Ryan v. Flowserve Corp.*, 444 F. Supp. 2d 718, 722–24 (N.D. Tex. 2006)).