UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| **MARIA RAMIREZ and PEDRO RAMIREZ,** *as Representatives of the Estate and Statutory Death Beneficiaries of* **DANIEL ANTONIO RAMIREZ,** | § § § § § | |
| *Plaintiffs,* | § § | EP-17-CV-00193-DCG |
| v. | § § | |
| **CITY OF EL PASO, TEXAS,** | § § | |
| *Defendant.* | § § § | |

## ORDER

Plaintiffs Maria Ramirez and Pedro Ramirez move to compel Defendant City of El Paso, Texas to supplement its responses to five of Plaintiffs' requests for production. Mot., ECF No. 171; Reply, ECF No. 176. The City opposes Plaintiffs' Motion. Resp. ECF No. 172.

So far, this case has spanned a period of over five years. On December 15, 2017, Plaintiffs sent their initial requests for production to the City. Mot. Ex. A. One month later, the City provided Plaintiffs with its initial responses to their production requests. *Id.* Ex. B. Over two years after that, on July 29, 2020, the City provided Plaintiffs its third supplemental response. *Id.* Ex. C. Since then, the City has not supplemented its responses. *See* Mot. at 2–3. On May 20, 2022, Plaintiffs filed the instant motion, seeking to compel a limited set of supplemental responses related to former-Defendant Ruben Escajeda, Jr.'s disciplinary history and use of force. Mot. at 2; Reply at 1.

The City resists Plaintiffs' Motion, arguing that their request is irrelevant and untimely. Resp. at 2–5. Plaintiffs counter that the duty to supplement discovery extends beyond the close of discovery. Reply at 2–3.

Federal Rule of Civil Procedure 26 requires parties to supplement interrogatory responses and disclosures made under Rule 26(a). FED. R. CIV. P. 26(e)(1). Rule 26(e)(1)(A) contemplates that parties must make supplemental disclosures after discovery closes:

> A party . . . must supplement . . . its disclosure or response . . . if the party learns that in some material respect the disclosure or response is incomplete or incorrect, *and if the additional or corrective information has not otherwise been made known to the parties during the discovery process* or in writing.

*See* FED. R. CIV. P. 26(e)(1)(A) (emphasis added). Indeed, "[t]he duty to supplement continues beyond discovery." *Covil Corp. ex rel. Protopapas v. U.S. Fid. & Guar. Co.*, 544 F. Supp. 3d 588, 595–96 (M.D.N.C. 2021) (collecting cases). Thus, the City can't escape its duty to supplement its disclosures and responses merely because Plaintiffs filed their Motion after the close of discovery.

The City next objects that Plaintiffs are asking for irrelevant information. Resp. at 3. The City argues that "Plaintiffs have not met their burden" of establishing that Escajeda's policing records created between July 2020 and now are relevant. *Id.* This argument places the burden on the wrong party. It's the City's burden to show that the discovery Plaintiffs want is irrelevant. *See, e.g., McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1485 (5th Cir. 1990) ("[T]he party *resisting* discovery must show specifically how . . . [the request] is not relevant . . . . (emphasis added)); *LULAC v. Abbott*, 3:21-CV-00259-DCG-JES-JVB, 2022 WL 3593055, at *2–3 (W.D. Tex. Aug. 22, 2022) (three-judge court) (discussing allocation of the burden).

"Relevant information encompasses 'any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case.'" *Merrill v. Waffle House, Inc.*, 227 F.R.D. 467, 470 (N.D. Tex. 2005) (quoting *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978)). As the definition suggests, the scope of relevant

information can be extensive. *See id.* ("Relevancy is broadly construed." (quotation omitted)). Contrary to what the City seems to suggest, it's not settled that post-incident conduct is *irrelevant* to a plaintiff's *Monell* claim.[1] *See* Resp. at 3 ("Nothing that happened five years after the incident in question is remotely relevant to any claim or defense of an incident that occurred in June of 2015."). No doubt, Plaintiffs do little to address why they think the information is relevant, *see generally* Mot. at 1–5 (asserting the "information . . . is . . . relevant" without further explanation); Reply at 3 (similar), but it is not their burden to do so, *see, e.g., McLeod*, 894 F.2d at 1485, at least in the first instance, *see Samsung Elecs. Am. Inc. v. Yang Kun "Michael" Chung*, 325 F.R.D. 578, 595 (N.D. Tex. 2017) (explaining that while the burden is on the party resisting discovery to show why a discovery request is irrelevant, "it is good practice for a movant to explain the relevance . . . of its discovery requests, and . . . a failure [to do so] . . . may be determinative"); *McKinney/Pearl Rest. Partners L.P. v. Metro. Life Ins. Co.*, 322 F.R.D. 235, 243 (N.D. Tex. 2016) (explaining that "[t]he party seeking discovery, to prevail on a motion to compel . . . may well need to make its own showing" of relevance "in opposition to the resisting party's showing").

The City has a continuing obligation to supplement its disclosures and responses. FED. R. CIV. P. 26(e)(1)(A). Plaintiffs request for the City to comply with this requirement is not

---

[1] The Court assumes, without deciding, that Escajeda's post-incident records may bear on whether a pattern or practice of similar alleged constitutional violations existed at the time of the incident. *See, e.g., Valle v. City of Houston*, 613 F.3d 536, 548 (5th Cir. 2010) (holding that plaintiff can't show a pattern of conduct under *Monell* by *only* pointing to two similar constitutional violations that occurred *after* the conduct that gave rise to the case); *Estate of Davis ex rel. McCully v. City of North Richland Hills*, 406 F.3d 375, 383 (5th Cir. 2005) (noting that a municipality must have "*notice* of a pattern of similar violations" (emphasis added)); *Sanchez v. Gomez*, EP-17-CV-133-PRM, 2020 WL 1036046, at *15–17 (W.D. Tex. Mar. 3, 2020) (discussing, but not taking a position on, whether plaintiffs can use evidence of conduct that took place after the alleged violation to prove a pattern of violative conduct); *Mueller v. Cruz*, No. SACV1301274CJCJCGX, 2015 WL 9455565, at *3 (C.D. Cal. Dec. 23, 2015) ("The Ninth Circuit has held that the behavior of policymakers after the constitutional violation is relevant to *Monell* liability insofar as it reveals the municipality's policies already in place at the time of the constitutional violation." (citing *Larez v. City of Los Angeles*, 946 F.2d 630, 647 (9th Cir. 1991))).

untimely. The City fails to show why the information Plaintiffs want is irrelevant. The Court thus **GRANTS** Plaintiffs' "Motion to Compel Defendant City of El Paso to Supplement Responses to Five Requests for Production" (ECF No. 171).

**So ORDERED and SIGNED this 2nd day of November 2022.**

**DAVID C. GUADERRAMA**
**UNITED STATES DISTRICT JUDGE**